UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

E.W., a minor, by and through CRAIG SCHAUERMAN, her Guardian ad Litem,

Plaintiff,

v.

THOMAS HENRY MOODY; BATTLE GROUND SCHOOL DISTRICT #199, a public corporation, MARLA D. ERATH, and CYNTHIA S. LARSON,

Defendants.

Case No. C06-5253 FDB

ORDER DENYING MOTION TO COMPEL DISCOVERY

This matter comes before the Court on Plaintiff's Motion to Compel Discovery. After having reviewed all materials submitted by the parties and relied upon or authority, the Court is fully informed and hereby denies the motion for the following reasons.

**INTRODUCTION AND BACKGROUND**

The complaint in this matter asserts violations of 42 U.S.C. § 1983 arising out of the alleged inappropriate physical and sexual contact by Defendant Thomas Moody with a minor, E.W., who was a student in Moody's classroom at Captain Strong Elementary School in Battle Ground School

ORDER - 1

1  District #199. The School District and other named defendants are alleged to have violated E.W.'s
2  civil rights by, among other ways, permitting Moody to have unsupervised access to minor students
3  following complaints of similar misconduct.

4  This discovery dispute arises out of Defendant Moody's response to the request for
5  production of documents.[1] Asserting confidentiality privileges and/or immunity from discovery
6  pursuant to RCW 10.97.130 and 20 U.S.C. § 1232(g) (FERPA), the response contained redactions
7  of the names and identifying information of minor students listed in the responsive documents. The
8  Defendant also declined to produce defense interviews with several minors pursuant to the work
9  product privilege. Plaintiff asserts the redactions are inappropriate and that the work product
10 privilege is inapplicable to the interviews of the minors by Defendant's criminal defense attorney.

## CONFIDENTIALITY - CHILD VICTIMS OF SEXUAL ASSAULTS

12 Washington law provides for the confidentiality of information regarding child victims of
13 sexual assault. RCW 10.97.130 provides:

> Information identifying child victims under age eighteen who are victims of sexual assaults is confidential and not subject to release to the press or public without the permission of the child victim or the child's legal guardian. Identifying information includes the child victim's name, addresses, location, photographs ... Information identifying the child victim of sexual assault may be released to law enforcement, prosecutors, judges, defense attorneys, or private or governmental agencies that provide services to the child victim of sexual assault. Prior to release of any criminal history record information, the releasing agency shall delete any information identifying a child victim of sexual assault from the information except as provided in this section.

Plaintiff's request seeks unredacted documents which concern allegations of sexual misconduct involving minors. This request falls squarely within the parameters of RCW 10.97.130. The information identifying child victims of sexual assaults is not subject to release without consent

---

[1] The Defendant has agreed in his responsive pleading that Plaintiff is entitled to the January 31, 2006 psychological report and indicates that this report and an August 17-23, 2005 article from the Reflector will be produced to Plaintiff. Assuming the Defendant has followed up with this promise, the Court considers the motion to compel discovery of these documents moot.

ORDER - 2

of the child victim or the child's legal guardian, except to "law enforcement, prosecutors, judges, defense attorneys, or private or governmental agencies that provide services to the child victim of sexual assault." The statute does not permit disclosure to a civil plaintiff. Accordingly, the redaction of "identifying information" was appropriate and mandated by the statute. Plaintiff may only obtain this information through permission of the child victim or the victim's legal guardian.

## FAMILY EDUCATION AND PRIVACY RIGHTS ACT

Plaintiff made a request for production of "all documents containing the identities of other minor children who were students of Thomas Henry Moody or who were otherwise in his care and custody while in the employ of [the school] during the time period January 1, 2001 through December 31, 2002."

FERPA protects educational records or personally identifiable information from improper disclosure. Doe v. Woodford County Bd. of Educ., 213 F.3d 921, 926 (6th Cir. 2000). The statute sets out conditions on the availability of federal funds for educational agencies and institutions and provides, in pertinent part, that:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records [or personally identifiable information contained therein other than directory information ...] of students without the written consent of their parents to any individual, agency, or organization ...

20 U.S.C.A. §§ 1232g(a) and (b)(1).

Congress passed FERPA to protect the privacy of students and their parents. FERPA conditions the receipt of federal funding by educational institutions on their compliance with procedures which allow access to records by students and parents while restricting access by other parties. The basic protection of FERPA is that a school that accepts federal education funds is prohibited from releasing student education records without student consent. Owasso Independent School District v. Falvo, 534 U.S. 426 (2002); United States v. Miami Univ., 294 F.3d 797, 806 (6th Cir. 2002). FERPA broadly defines "education records" as "those records, files, documents, and

ORDER - 3

other materials which (I) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A); U.S. v. Miami University, 294 F.3d 797, 812 (6th Cir. 2002). Personally identifiable information "is narrowly defined by the Act's regulations as including only the student's name, parent's name, the student's or parent's address, social security number, or other information that would make the student's identity easily traceable." Woodford County, at 926.

Limited exceptions to requirement of student consent consist of compliance with judicial orders and subpoenas; audit and evaluation of federally-supported education programs; and record-keeping. 20 U.S.C. § 1232g(b). Regarding compliance with lawfully issued judicial orders or subpoenas, the FERPA allows the disclosure of the subject education records, upon condition that "parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. § 1232g(b)(2).

Plaintiff's request for production of all documents containing the identity of the students of Defendant Moody encompasses student education records subject to the protections of FERPA. Plaintiff has not met the requirements for production and thus, the motion to compel lacks merit.

## WORK PRODUCT PRIVILEGE

Defendants withheld from production on the basis of work product privilege transcripts or recordings of interviews of several minors conducted by Defendant Moody's defense counsel in the presence of the prosecuting attorney. Plaintiff asserts that these interviews are not work product due to the presence of the prosecuting attorney or because they were not "trial preparation" materials.

The civil work product protection applies to documents and other tangible things that (1) show legal research and opinions, mental impressions, theories, or conclusions of the attorney or of other representatives of a party; (2) are an attorney's written notes or memoranda of factual statements or investigation; and (3) are formal or written statements of fact, or other tangible facts, gathered by an attorney in preparation for or in anticipation of litigation. An attorney's gathering of

ORDER - 4

factual items and documents is protected from disclosure, under the work product rule unless the person requesting disclosure demonstrates substantial need and an inability, without undue hardship, to obtain the documents or items from another source. Rule 26(b)(3); F.T.C. v. Grolier Inc. 462 U.S. 19, 24-25 (1983); Limstrom v. Ladenburg, 136 Wash.2d 595, 611 (1998). The work-product doctrine protects such items as "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs." Hickman v. Taylor, 329 U.S. 495, 510 (1947).

Rule 26(b)(3) is silent as to whether it protects documents and materials created in anticipation of litigation other than in the case in which the discovery is being sought. Federal courts however, consistently have honored such "prior litigation" work product protection, at least when the current case is closely related to the case for which the targeted materials were prepared. F.T.C. v. Grolier Inc. 462 U.S. 19, 27-28 (1983); Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726 (8th Cir.2002) (according protection apparently without regard for whether cases were related); Frontier Refining Inc. v. Gorman-Rupp Co., Inc., 136 F.3d 695 (10th Cir.1998). Washington law is in accord that the protections of the work product doctrine attach even after litigation has terminated. Limstrom v. Ladenburg, 136 Wn.2d 595 (1998); Dawson v. Daly, 120 Wn.2d 782 (1993); Pappas v. Holloway, 114 Wn.2d 198, 209-10 (1990).

The interviews conducted by Defendant's defense counsel were conducted in anticipation or preparation of Moody's criminal defense and are subject to the work product privilege.

The general rule for the work-product doctrine is that it is deemed waived when an attorney reveals his materials prepared in anticipation of litigation to third parties. Where a party discloses work product for reasons not related to the facilitation of its trial preparation, the work product protection may be waived. Disclosure of work product to third persons, however, does not automatically waive the protection. Samuels v. Mitchell, 155 F.R.D. 195, 200 (N.D. Cal.1994). Plaintiff asserts the privilege was waived due to the presence of a third party, the prosecutor.

The presence of the prosecuting attorney at the defense interviews does not defeat the work

ORDER - 5

product privilege.  Washington law provides that child victims and witnesses have the right to have a crime victim advocate or any other support person of the victim's choosing, present at any prosecutorial or defense interviews with the child victim.  See RCW 7.69A.030.  The presence of essential third parties necessary for the transmittal of the information will not negate the work product privilege.

Plaintiff has not demonstrated a substantial need and an inability, without undue hardship, to obtain the information from other sources.  The motion to compel production of defense attorney interviews will be denied.

## RECORDS OF PARTY'S ATTORNEY

Plaintiff asserts that Defendant Battle Ground School District should be compelled to produce responsive documents in the possession of private counsel.  Defendant Battle Ground responds that it has no right of control over documents in the possession of counsel.  The only documents pertaining to this litigation possibly in the possession of counsel are privileged documents, those "files and materials compiled by the ... law firm in the course of its work."

Rule 26 permits a party to discover relevant non-privileged information from another party. Rule 34 provides that in response to a request for production of documents a party produce any relevant documents in its possession custody or control.  Control is defined as the legal right to obtain documents upon demand. In re Citric Acid Litigation, 191 F.3d 1090, 1107 (9th Cir. 1999). The party seeking production of the documents bears the burden of proving that the opposing party has such control.  U.S. v. International Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989).

Plaintiff has failed to meet the burden of establishing Battle Ground's control of documents in the possession of it's law firm.  Plaintiff may use the provisions of Rule 45 to seek documents in the possession a nonparty.

ORDER - 6

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to compel is denied.

ACCORDINGLY,

IT IS ORDERED:

Plaintiff's Motion to Compel Discovery [Dkt #24] is **DENIED.**

DATED this 7th day of February, 2007.

*/s/ Franklin D. Burgess*

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7