UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| E.W., a minor, by and through CRAIG SCHAUERMAN, her Guardian ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS HENRY MOODY; BATTLE GROUND SCHOOL DISTRICT #119, a public corporation, MARLA D. ERATH, and CYNTHIA S. LARSON,<br><br>Defendants. | CASE NO.: C06-5253-BHS<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY |

This matter comes before the Court on Plaintiff's Second Motion to Compel Discovery. (Dkt. 42). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein and hereby denies the motion for the following reasons.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff first requested the production of the documents subject to this motion to compel on September 20, 2006, and filed the first motion to compel the production of these documents on January 18, 2007. Dkt. 24. Plaintiff's Motion to Compel Discovery was denied in an order entered February 7, 2007. Dkt. 30. In that order, the Court found that Plaintiff did not meet her burden of demonstrating that documents in the possession of general counsel to Defendant Battle

ORDER – 1

1  Ground School District ("Defendant") were in the control of Defendant. *Id.* As a result, the

2  Court held that discovery of documents in the control of Defendant's general counsel needed to

3  be conducted pursuant to Fed. R. Civ. P. 45. *Id.* The court further held that information subject

4  to RCW 10.97.130 and/or 20 U.S.C. § 1232(g) must comply with the confidentiality and/or

5  notice of disclosure requirements contained therein before the information could be produced. *Id.*

6  Pursuant to the Court's order, Plaintiff served her subpoena duces tecum on Defendant's

7  general counsel, Vandeberg, Johnson, and Gandara, LLP, on February 9, 2007. Dkt. 45 at 1. On

8  February 28, 2007, Defendant's general counsel notified Plaintiff that it had turned over the

9  requested information to Defendant's counsel of record in the instant litigation in order to

10 comply with the requirements of the Court's order. *Id* at 17. On April 14, 2007 Defendant's

11 counsel of record notified Plaintiff that the documents requested had been redacted pursuant to

12 the Court's order and could be delivered upon payment, directly to it, of the costs associated with

13 copying and redacting the documents. *Id.* at 19.

14 Plaintiff filed her Second Motion to Compel Discovery on July 30, 2007, requesting that

15 the Court issue an order requiring the immediate and unconditional production of the requested

16 documents. Dkt. 42. Defendant contends that it should not be required to produce these

17 documents until and unless Plaintiff pays $1917.95, pursuant to Fed. R. Civ. P. 45, as the costs

18 incurred by Defendant's general counsel in complying with the Court's order. Dkt. 44. The

19 amount requested breaks down to $632.33 for the cost of copying the documents and $1285.62

20 for Defendant's counsel of record to review and redact the documents. *Id.* at 7.

21 **II. DISCUSSION**

22 Fed. R. Civ. P. 45(c)(2)(B) requires that an order to compel protect a nonparty from

23 significant expenses resulting from the discovery commanded. Trial courts have "considerable

24 discretion in determining whether expense-shifting in discovery production is appropriate in a

25 given case. *Spears v. City of Indianapolis,* 74 F.3d 153 at 158 (7th Cir. 1996). The Ninth Circuit

26 has stated:

27

28

ORDER – 2

> Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party. Although we decline to curtail district courts' discretion over the discovery process..., we nevertheless emphasize that a witness's nonparty status is an important factor to be considered in determining whether to allocate discovery cost on the demanding or the producing party.

*U.S. v. Columbia Broadcasting System, Inc.,* 666 F.2d 364 (9th Cir. 1981).

In the instant matter, Plaintiff originally attempted to receive the documents that are the subject of her current motion to compel directly from Defendant. The Court found that Plaintiff could not sufficiently show that documents held by Defendant's general counsel were in the control of Defendant. Plaintiff instead needed to request the documents by subpoena directed to Defendant's general counsel. While Plaintiff could not show that Defendant had control of the documents sought, Defendant's general counsel created, compiled, and kept these documents at least in part for the benefit of Defendant in accordance with its duties as general counsel. As a consequence, Defendant's general counsel, while not a direct party in this litigation, cannot be seen as a wholly separate and independent nonparty witness.

As has been noted in the order denying Plaintiff's first motion to compel, documents produced must comply with the requirements of RCW 10.97.130 and/or 20 U.S.C. § 1232. Defendant's counsel of record completed this work for Defendant's general counsel and is now seeking payment for time spent by a paralegal in reviewing and redacting the documents sought in order to comply with the Court's order. The Court does not accept Plaintiff's argument that Defendant has misrepresented its lack of control of the documents requested by Plaintiff. Pleadings before the Court on the instant motion do not present anything new and that was not before the Court on the earlier motion to compel. The Court also does not find that the requirement to comply with the Court's previous order places an undue burden or expense on a related nonparty where the work was completed by Defendant's counsel of record and where the documents the subject of the discovery request were kept, in part, for the benefit of Defendant in accordance with the nonparty's duties as Defendant's general counsel.

Other courts have held that copy costs related to a subpoena duces tecum are recoverable by the nonparty because the nonparty can only be required to produce the documents for

ORDER – 3

1 inspection. *Windsor v. Martindale*, 175 F.R.D. 665, 672 (D. Colo. 1997); see also *Wright v. U.S.,*
2 948 F. Supp. 61 (M.D. Fla. 1996).  In exercising the Court's discretion in allocating discovery
3 costs, the Court finds that the cost of producing copies of the documents requested by Plaintiff
4 should be borne by Plaintiff in the amount of $632.33.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Second Motion to Compel Discovery is **DENIED**.  Plaintiff is required to pay $632.33 to Vandeberg, Johnson, and Grandara, LLP for the cost of copying the requested documents which shall be delivered to Plaintiff upon payment.

DATED this 20th day of August, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4