UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| E.W., a minor by and through CRAIG SCHAUERMAN, her Guardian ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS HENRY MOODY; BATTLE GROUND SCHOOL DISTRICT #119, a public corporation, MARLA D. ERATH, and CYNTHIA S. LARSON,<br><br>Defendants. | CASE NO. C06-5253BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT ON NOTICE OF CLAIM ISSUE |

This matter comes before the Court on the Plaintiff's Motion for Partial Summary Judgment (Dkt. 53) and Defendants' Cross-Motion for Summary Judgment on Notice of Claim Issue (Dkt. 78). The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the file herein and hereby denies Plaintiff's motion and grants Defendants' motion for the following reasons.

Any person filing a tort claim against a local governmental entity must first comply with the requirements of RCW 4.96.020(3). While the language contained in RCW 4.96.020 requires substantial compliance with the content requirement of the claim, Washington courts have strictly applied the procedural requirements of the statute. *Atkins v. Bremerton Sch. Dist.,* 393 F. Supp. 2d 1065 ( W.D. Wash. 2005). The proper remedy for failure to comply with the

ORDER – 1

procedural requirements of RCW 4.96.020 is dismissal of the suit against the governmental entity. *Wright v. Terrell*, 135 Wash.App. 722 (2006).

While the language of RCW 4.96.020 is slightly different from the language in RCW 4.92.100, Washington courts have held that the two statutes have the same verification requirements. *Schoonover v. State*, 116 Wash.App. 171 (2003). Whereas here the claim is filed on behalf of a minor, "the claim must still 'be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant'." *Levy v. State*, 91 Wash.App. 934, 943 (1998). An attorney's signature alone on the notice of claim is not sufficient to satisfy the procedural requirement of verification. *Id.*

In the instant action, "Plaintiff's counsel mailed a Tort Claim Notice by certified mail, return receipt requested, to H. Duane Rose, the designated claims agent for the Battle Ground School District, on December 5, 2005." Dkt. 53 at 2. The letter was not verified but was only signed by counsel for Plaintiff. Dkt. 54-2 at 8. Since Plaintiff has not complied with the procedural verification requirements of RCW 4.96.020, her state claims should be dismissed.

It is therefore **ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. 53) is hereby **DENIED** and Defendants' Cross-Motion for Summary Judgment on Notice of Claim Issue (Dkt. 78) is hereby **GRANTED.** Plaintiffs state law tort claims against Battle Ground School District, Marla D. Erath, and Cynthia S. Larson are hereby **DISMISSED WITHOUT PREJUDICE.**

DATED this 15th day of October, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2