UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| E.W., a minor by and through CRAIG SCHAUERMAN, her Guardian ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS HENRY MOODY; BATTLE GROUND SCHOOL DISTRICT #119, a public corporation; MARLA D. ERATH; and CYNTHIA S. LARSON,<br><br>Defendants. | CASE NO. C06-5253BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f) |

This matter comes before the Court on Plaintiff's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Dkt. 55). The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the file herein, and hereby grants Plaintiff's motion for the following reasons.

Plaintiff's motion seeks to strike Defendants' fifth, eighth, and eleventh affirmative defenses as they are a "variation of an allegation that plaintiff shares the fault for her molestation by Thomas Moody, her fifth grade teacher, and its resulting harm." Dkt. 55 at 2. Defendants do not contradict this characterization of any of the challenged affirmative defenses in their response and therefore the Court will accept Plaintiff's characterization as accurate. As a result,

ORDER – 1

1  the Court must answer the question of whether a minor child can be said to have a duty to protect
2  herself from being abused.

3  In answering this question, the Court notes that there is a lack of controlling authority on
4  this issue.  Case law cited by Defendants for allowing the challenged affirmative defenses did
5  not confront these issues as they apply to a minor child.  Plaintiff relies on *Christensen v. Royal*
6  *Sch. Dist.,* 156 Wn.2d 62 (2005).  That case sought to answer a similar question as is presented
7  here. Plaintiff brought her case in the Eastern District of Washington asserting claims against the
8  school district for, among other things, violations of Title IX, 42 U.S.C. § 1983, and negligence
9  under state law. *Christensen v. Royal Sch. Dist*., 2006 WL 2237671 (E.D. Wash. 2006).  The
10 question was certified to the Washington Supreme Court pursuant to the plaintiff's motion for
11 partial summary judgment on whether any liability could be allocated to the plaintiff. *Id.*  The
12 District Court in that case held that the Washington Supreme Court's ruling resolved the issue in
13 favor of the plaintiff and granted her summary judgment. *Id.*  As the Eastern District of
14 Washington court adopted the Washington Supreme Court's reasoning in granting summary
15 judgment to the plaintiff, this Court is persuaded to apply the reasoning and policy arguments
16 relied on by the Washington Supreme Court to the instant matter.

> In sum, because we recognize the vulnerability of children in the school setting, we hold, as a matter of public policy, that children do not have a duty to protect themselves from sexual abuse by their teachers. Moreover, we conclude that contributory fault may not be assessed against a [student] child based on the failure to protect herself from being sexually abused when the defendant or defendants stand in a special relationship to the child and have a duty to protect the child.

21 *Christensen,* 156 Wn.2d at 71-72.  Therefore, the Court should strike Defendants' affirmative
22 defenses as they have been characterized by the Plaintiff.  As in *Christensen*, this does not
23 preclude Defendants from presenting these arguments as evidence that Defendants were not
24 negligent or did not have knowledge of the alleged acts and were not deliberately indifferent.

ORDER – 2

1   It is therefore **ORDERED** that Plaintiff's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Dkt. 55) is hereby **GRANTED.** Defendants' fifth, eighth, and eleventh affirmative defenses are hereby **STRICKEN.**

DATED this 15th day of October, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3