UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| E.W., a minor by and through CRAIG SCHAUERMAN, her Guardian ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS HENRY MOODY; BATTLE GROUND SCHOOL DISTRICT #119, a public corporation; MARLA D. ERATH; and CYNTHIA S. LARSON,<br><br>Defendants. | CASE NO. C06-5253BHS<br><br>ORDER DENYING DEFENDANTS BATTLE GROUND SCHOOL DISTRICT, LARSON AND ERATH'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Battle Ground School District, Cynthia Larson, and Marla Erath's Motion for Partial Summary Judgment on all of Plaintiff's federal claims (Dkt. 56). The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the file herein, and hereby denies Defendants' motion for the following reasons.

**I. PROCEDURAL AND FACTUAL HISTORY**

Plaintiff filed her complaint in Clark County Superior Court on April 13, 2006 alleging violations of 42 U.S.C. § 1983 and violations of Washington State law. Dkt. 1. On May 8, 2006, Defendants removed the state court action to this Court. *Id.* On August 17, 2007, Plaintiff filed her Amended Compliant alleging violations under 42 U.S.C. § 1983, Title IX (20 U.S.C. § 1681), and state law negligence and battery. Dkt. 48. The claims asserted by Plaintiff concern

ORDER – 1

the alleged improper touching of Plaintiff by a teacher, Thomas Moody ("Moody"), employed and supervised by Defendants. *Id.*

In approximately May of 1998, several female students complained to a school official that Thomas Moody had touched them inappropriately. Dkt. 56 at 2, Dkt. 69 at 5.  The touching complained of consisted of alleged contact with the buttocks and chest, in many instances happening when the girls were wearing overalls, with alleged contact occurring underneath the overalls. Dkt. 56 at 2, Dkt. 69 at 5.  The alleged touching generally transpired while the students were at Moody's desk.  Dkt. 58-5.  It is disputed whether law enforcement was contacted in connection with the May 1998 allegations. Dkt. 58, Dkt. 70-4 at 19.

In reaction to these allegations, Moody was placed on administrative leave and underwent an intensive psychosexual evaluation. Dkt. 58 at 2.  Moody was then allowed to return to the classroom unmonitored and with no special conditions.  Dkt. 70-3 at 24-25.  Moody was not disciplined, but instead received a letter of instruction asking him to "refrain from any touching of students unless in your professional judgment the touching is welcome, appropriate and educationally motivated." Dkt. 58-7 at 3.

In 2000, Moody transferred to Captain Strong Elementary School to teach fifth grade. Dkt. 69 at 6.  There is a dispute over whether the principal, Cynthia Larson, or the assistant principal, Marla Erath, were made aware of the prior allegations against Moody.  Dkt. 70-6 at 6, Dkt. 70-7 at 6.

Near the end of the school year in May of 2002, several students made complaints to a teacher at Captain Strong Elementary School that Moody was touching Plaintiff, sometimes when she was wearing overalls, on the buttocks and inner thigh.  Dkt. 56 at 4, Dkt. 69 at 6. When asked to talk about the situation, Plaintiff showed great reluctance to discuss the alleged touching, even with her parents. *Id.*  After a brief investigation, Moody was asked to apologize to Plaintiff, and was again instructed not to touch the students unless the contact was necessary. He was allowed to return to the classroom without being put on administrative leave, and law enforcement was not contacted. Dkt. 56 at 5-6, Dkt. 69 at 7.  The idea of removing Plaintiff from

ORDER – 2

the classroom was discussed, but Plaintiff did not want to be removed and she remained in Moody's classroom. Dkt. 57-6 at 12, Dkt. 61 at 3. Plaintiff alleges that she was subjected to further inappropriate touching by Moody after the May 2002 allegations were made. Dkt. 56 at 7, Dkt. 69 at 7. It is disputed whether any follow-up contact with Plaintiff ever occurred by either Cynthia Larson or Marla Erath or any other employee of Battle Ground School District after the initial investigation and apology meeting. Dkt. 61 at 3, Dkt. 74 at 2. Cynthia Larson was disciplined in 2002 by the School District for failing to report this incident to law enforcement. Dkt.70-8 at 6, 15.

On September 11, 2007, Defendants Battle Ground School District, Marla Erath, and Cynthia Larson filed a motion for partial summary judgment "on all of Plaintiff's federal claims on the grounds that the undisputed facts fail to establish elements of Plaintiff's claims under § 1983 and Title IX.

## II. MOTIONS TO STRIKE

Plaintiff's and Defendants' various motions to strike portions of the record are denied. This does not preclude Plaintiff or Defendants from renewing their objections to the submission of the evidence subject to their various motions to strike if the evidence is offered at trial.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P.

ORDER – 3

1  56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence
2  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions
3  of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v.*
4  *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

5        The determination of the existence of a material fact is often a close question. The court
6  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –
7  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec.*
8  *Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of
9  the nonmoving party only when the facts specifically attested by that party contradict facts
10 specifically attested by the moving party. The nonmoving party may not merely state that it will
11 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
12 to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.
13 Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be
14 presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### IV. TITLE IX DOES NOT SUBSUME 42 U.S.C. § 1983

16       Defendants assert that Plaintiff's Title IX claims preclude her 42 U.S.C. § 1983 claims
17 based on the same conduct. Dkt. 56 at 9. The rule as stated by the Supreme Court in *Middlesex*
18 *County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1 (1981) is "[w]hen
19 the remedial devices provided in a particular Act are sufficiently comprehensive, they may
20 suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Id.* at
21 20. While Title IX does not provide an explicit private right of action, the Supreme Court has
22 held that there is an implied private right of action in Title IX in order to "'provide effective
23 assistance to achieving the statutory purposes' of ending discrimination, as a complement to the
24 public remedy explicitly created in the statute." *Lillard v. Shelby Co. Bd. of Educ.,* 76 F.3d 716
25 (6th Cir. 1996), *citing to Cannon v. University of Chicago,* 441 U.S. 677 (1979). When applying
26 the rule stated in *National Sea Clammers* to the implied private right of action contained in Title
27 IX, the Court concludes Congress has not provided sufficiently comprehensive remedial devices
28

ORDER – 4

explicit in Title IX that would demonstrate its intent to preclude claims made under 42 U.S.C. § 1983.

## V. MATERIAL ISSUES OF FACT PRECLUDE SUMMARY JUDGMENT

There are material issues of fact existing in the record over whether law enforcement was contacted in connection with the initial allegations filed against Moody in May of 1998. There are further issues of fact whether Cynthia Larson and Marla Erath were aware or were made aware of the alleged improper touching occurring in May of 1998. It is undisputed that the allegations made by Plaintiff against Moody in this action are substantially similar to the allegations made against him in May of 1998. While Defendants attempt to characterize the touching alleged by Plaintiff as inadvertent and not for sexual gratification, a reasonable jury could conclude that Moody's alleged actions were not so benign. It is undisputed from the record that Moody was not placed on administrative leave in connection with the allegations made against him by Plaintiff, he was not disciplined, Plaintiff was not removed from Moody's classroom, and these allegations were not reported to law enforcement or Child Protective Services. Notwithstanding the decision to resolve the allegations made against Moody in this manner, Cynthia Larson was later disciplined for not reporting the allegations to the School District's Central Administration, law enforcement, or Child Protective Services. Furthermore, there are material issues of fact existing in the record as to whether any school district official had follow-up contact with Plaintiff after her complaint in May of 2002.

When taking the entire record into account and resolving any factual disputes in favor of the nonmoving party, the Court concludes that summary judgment on the Plaintiff's federal claims would be inappropriate at this stage. These factual disputes are unsuitable for the Court to decide as a matter of law and require a jury to resolve the differing versions of the truth. Furthermore, the Court cannot conclude at this stage from the record before it that a reasonable jury could not find that Defendants violated Title IX or 42 U.S.C. § 1983.

ORDER – 5

**VI. ORDER**

It is therefore **ORDERED** that Defendants Battle Ground School District, Cynthia Larson, and Marla Erath's Motion for Partial Summary Judgment on all of Plaintiff's federal claims (Dkt. 56) is hereby **DENIED.**

It is further **ORDERED** that Plaintiff's Requests to Strike (Dkts. 69 & 89) and Defendants' Motion To Strike Plaintiff's Evidence (Dkt. 85) are hereby **DENIED.**

DATED this 24th day of October, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 6